UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIFFANY BROWN,

    Plaintiff,

v.                                Case No. 5:25-cv-356-AW/MJF

WARDEN GABBY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Plaintiff's three motions for a preliminary injunction, Docs. 3, 9, 15, and her motion for temporary restraining order, Doc. 18. Because Plaintiff failed to show a substantial likelihood of success on the merits, the District Court should deny Plaintiff's motions.

### BACKGROUND

Plaintiff—a federal inmate proceeding *pro se*—filed a civil rights complaint against Defendants, who are employees of the Bureau of Prisons. Plaintiff asserts a variety of claims, including an Eighth-Amendment conditions of confinement claim, an Eighth-Amendment deliberate

indifference to a serious medical need claim, and frivolous claims asserting violations of four criminal statutes—18 U.S.C. §§ 641, 1040, 1343, 1957. Doc. 7 at 7.

The undersigned reviewed Plaintiff's complaint and identified two important defects: (1) the complaint was a "shotgun pleading" and (2) Plaintiff failed to state a plausible claim for relief. Therefore, consistent with Eleventh Circuit precedent, the undersigned struck Plaintiff's complaint and required Plaintiff to replead the claims. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

## DISCUSSION

Preliminary injunctions and temporary restraining order are extraordinary remedies. *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). The chief function of temporary restraining orders and preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). To establish entitlement to a

temporary restraining order or preliminary injunction, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying claim;
>
> (2) a substantial likelihood of suffering irreparable injury if the TRO/injunction is not granted;
>
> (3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and
>
> (4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

Plaintiff's complaint violated the Federal Rules of Civil Procedure and is a so-called "shotgun pleading." Plaintiff asserted multiple claims against multiple Defendants without specifying which of the defendants are responsible for specific acts or omissions and against which of the defendants particular claims are asserted. Plaintiff plainly failed to state a plausible claim for relief.

When courts strike complaints that violate the Federal Rules of Civil Procedure, they should not "entertain the extreme remedy of a TRO."

*KOVA Com. of Naples, LLC v. Sabin*, No. 2:23-CV-614-JES-KCD, 2023 WL 5334550, at *2 (M.D. Fla. Aug. 18, 2023); *see Freeman v. Bay Equity LLC*, 2020 WL 4700767, at *1 (S.D. Ga. Aug. 13, 2020) (noting that the court could not issue a TRO because the "Court could not even reach the merits of Plaintiff's underlying claims because his Complaint [was] a shotgun pleading."); *Raja v. Englewood Cmty. Hosp., Inc.*, No. 12-cv-2083, 2013 WL 12157136, at *2 (M.D. Fla. Apr. 9, 2013) (dismissing amended complaint as shotgun pleading, granting leave to amend, and denying preliminary injunction as moot); *accord Michael Westbrook, v. Quality Loan Serv. Corp.*, No. CV-25-01061-PHX-DWL, 2025 WL 1677892, at *4 (D. Ariz. June 13, 2025) ("The incomprehensible nature of the complaint, alone, undermines any likelihood of success on the merits.").

Plaintiff obviously has not demonstrated a substantial likelihood of success on the merits. When a movant "is unable to demonstrate a substantial likelihood of success on the merits," courts "do not need to address the remaining preliminary injunction requirements." *See Keister v. Bell*, 879 F.3d 1282, 1288 (11th Cir. 2018). For this reason alone, the District Court should deny Plaintiff's motion without prejudice. *See Valdes v. Sch. Bd. of Miami-Dade Cnty.*, 806 F. App'x 722, 724 (11th Cir. 2020).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff's motions for preliminary injunction, Docs. 3, 9, 15, and her motion for a temporary restraining order, Doc. 18, without prejudice.

At Pensacola, Florida, this 22nd day of January 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**